UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MAX RICHERSON,<br>    Plaintiff | )<br>)<br>) |
| vs. | )    CASE NO: |
| UNITED STATES STEEL CORPORATION<br>AND RYAN McGHAN,<br>    Defendants | )<br>)<br>)<br>) |

### NOTICE OF REMOVAL BY DEFENDANTS UNITED STATES STEEL CORPORATION AND RYAN McGHAN

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants United States Steel Corporation ("U. S. Steel") and Ryan McGhan ("McGhan") (all Defendants collectively "Defendants"), with full reservation of any and all defenses, objections, and exceptions, including, without limitation, objections to personal jurisdiction, service, venue, and statute of limitations, hereby remove the above-referenced matter from the Lake County Superior Court, State of Indiana, to this Court, the United States District Court for the Northern District of Indiana. In support of removal, Defendants show the Court as follows:

### BACKGROUND

1. On or about January 20, 2022, plaintiff Max Richerson ("Plaintiff") commenced a civil action against Defendants by filing a Complaint and Summons ("Complaint") in Lake County Superior Court, State of Indiana, under Cause No. 45D04-2004-CT-000386 (the "State Court Action"). Plaintiff claims that he suffered injuries as a result of being struck by a crane while performing maintenance at U. S. Steel's Gary Works on October 7, 2021. (Compl. ¶¶ 5, 9.)

## PROCEDURAL COMPLIANCE

2.  As required by 28 U.S.C. § 1446(a), true and correct copies of all records and proceedings filed in the State Court Action, including the Complaint, are attached hereto collectively as **Exhibit A**.

3.  Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file written notice of this removal with the clerk of the Lake County Superior Court, State of Indiana, where the State Court Action is currently pending. Copies of this Notice of Removal and the written notice of the same are also being served on Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

4.  The United States District Court for the Northern District of Indiana is the federal judicial district encompassing Lake County, Indiana, where the State Court Action is currently pending. Thus, removal of the State Court Action to this Court is proper under 28 U.S.C. § 1441(a).

5.  Plaintiff served the Complaint upon U. S. Steel via certified mail on or about February 7, 2022.

6.  Plaintiff served the Complaint upon McGhan via certified mail on or about February 7, 2022.

7.  This Notice of Removal is timely under 28 U.S.C. § 1446. First, Defendants filed this Notice of Removal within thirty (30) days after Defendants were served with the summons. 28 U.S.C. § 1446(b). Second, this Notice of Removal is filed less than one year after the commencement of the State Court Action on January 20, 2022. *See,* 28 U.S.C. § 1446(c).

8.  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

9.  As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject matter jurisdiction under 28 U.S.C. § 1332 and because U. S. Steel has satisfied the procedural requirements for removal.

**BASIS FOR REMOVAL**

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PROPERLY JOINED PARTIES ARE COMPLETELY DIVERSE AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

10. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and the properly joined Defendant, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. The Properly-Joined Parties are Completely Diverse.**

11. According to the Complaint, "[a]t all times relevant herein," Plaintiff was a "citizen of Indiana residing in Porter County, Indiana." (*See* Compl. ¶ 1.) Accordingly, upon information and belief, Plaintiff is a citizen of Indiana.

12. U. S. Steel is, and has been at all relevant times, a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Pittsburgh, Pennsylvania. Accordingly, U. S. Steel is a citizen of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

13. In accordance with 28 U.S.C. § 1332(a), complete diversity of citizenship exists because Plaintiff is not a citizen of any of the states of which U. S. Steel—the properly joined Defendant—is a citizen. Furthermore, this action is removable because no properly-joined defendant is a citizen of Indiana, the state in which this action was commenced. *See* 28 U.S.C. § 1441(b).

14. As reflected by this Notice of Removal by Defendants, all Defendants have removed this action.

3

**B.     Plaintiffs Improperly Joined Defendant Ryan McGhan and His Citizenship May be Disregarded For Purposes of Removal.**

15.     To establish fraudulent joinder, a removing defendant must show that, "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992); *see also id.* (in assessing fraudulent joinder, the federal court must ask if there is "any reasonable possibility" that plaintiff could prevail over the non-diverse defendant). A district court has authority to dismiss parties who have been fraudulently joined in an action. *See, Gunkel v. Melanie Crysler & Costco Wholesale Corp.*, No. 1:19-cv-499, 2020 U.S. Dist. LEXIS 27418, at *14 (N.D. Ind. Feb. 18, 2020).

16.     The sole purpose of Plaintiff's inclusion of an employee that was neither at Gary Works at the time of the incident nor whose actions or inactions created the alleged hazard is an attempt to destroy diversity of citizenship and prevent removal under 28 U.S.C. § 1332.

17.     This Court may look beyond Plaintiff's allegations in the Complaint in evaluating whether McGhan was fraudulently joined. *See, e.g., Millman v. Biomet Orthop., Inc.*, No. 3:13-cv-77, 2013 U.S. Dist. LEXIS 174470, at *4 (N.D. Ind. Dec. 10, 2013) ("To decide whether a defendant has been fraudulently joined, I can pierce the pleadings to consider summary judgment-type evidence, such as affidavits and deposition testimony.").

18.     As Plaintiff alleges in the Complaint, McGhan is a resident of Indiana. (Compl. Caption & ¶ 4.)

19.     Plaintiff mentions McGhan and alleges that he was safety coordinator at Gary Works and thereby was responsible for "oversight of all safety representatives and workers at the facility, and directed, was involved in, and was responsible for safety, inspections, upkeep,

maintenance, operations and other safety-related tasks for the safety of U. S. Steel's own employees as well as outside contractors, including Max." (*Id.* ¶ 4.)

20. This allegation, standing alone, is insufficient to state a claim against McGhan. *See, Branscomb v. Wal-Mart Stores East, L.P.*, 165 N.E.3d 982 (Ind. 2021) (answering certified question from the United States District Court for the Northern District of Indiana concerning the store manager's joinder into a personal injury action). Indeed, in the remainder of the Complaint that sets forth Plaintiff's factual allegations against U. S. Steel, there is no further mention of specific factual allegations against McGhan. (*See generally* Complaint.)

21. In *Branscomb*, the Indiana Supreme Court was presented with a certified question of whether a store manager can be held liable for negligence when he was not directly involved in the accident at issue. *Branscomb*, 165 N.E.3d at 984. Branscomb tripped and fell over a wood pallet located in a Wal-Mart. *Id.* He and his wife sued Wal-Mart and the store manager in state court. *Id.* Defendants sought to remove the case to federal court and alleged that the store manager was joined simply to defeat diversity jurisdiction. *Id.* Ultimately the Supreme Court determined that Branscomb could not recover from the manager based upon his alleged failure to properly hire, train and supervise the store employees. *Id.* at 985. Furthermore, Branscomb could not recover from the manager based upon his alleged failure to implement proper safety policies and procedures. *Id.* Finally, Branscomb could not recover from the manager based upon his alleged failure to inspect and maintain the premises. *Id.* at 986-88. Therefore, the Supreme Court determined that the store manager could not be liable under Indiana law to Branscomb. *Id.* at 988.

22. In addition, McGhan has never communicated with Plaintiff, was not present at the location at Gary Works when Plaintiff was allegedly injured and had no involvement whatsoever with the planning for the project that Plaintiff's employer was involved in at the time of the alleged

5

injury. An Affidavit from McGhan attesting to these facts is attached hereto as **Exhibit B**. Accordingly, the Court should find fraudulent joinder for this reason as well.

23. Under Indiana law, a corporate officer, stockholder, director, agent, or employee is not personally liable for the alleged torts of the corporation merely because of his office. The law requires some additional connection to the tort. *See, Greg Allen Const. Co., Inc. v. Estelle*, 798 N.E.2d 171, 173 (Ind. 2003), *State Civil Rights Com'n v. County Line Park, Inc.*, 738 N.E.2d 1044, 1050 (Ind. 2000), *Hanson v. St. Luke's United Methodist Church*, 682 N.E.2d 1314 (Ind.Ct.App. 1997), *Bowling v. Holdeman*, 413 N.E.2d 1010 (Ind.Ct.App. 1980). Here, Plaintiff only contends that McGhan is negligent due to his position at Gary Works despite the fact that he was not at Gary Works at any time on the date of the alleged incident and was not involved in the planning for the project.

24. Here, there are insufficient allegations against McGhan—in fact, there are no specific allegations of conduct by McGhan that would subject him to liability—to "establish a cause of action against" McGhan. Further, McGhan's Affidavit shows that there are no facts that Plaintiff could allege against him to sustain a claim because he had no role in Plaintiff's employer's project. Accordingly, McGhan's Indiana citizenship may be disregarded for purposes of determining whether complete diversity exists.

C. **The Amount-In-Controversy Requirement is Satisfied.**

25. Given the plain language of the Complaint, the amount-in-controversy exceeds $75,000.

26. Plaintiff claims that he became "severely and permanently injured" as a result of the incident. (Compl. ¶ 9.) Defendants deny that they are liable to Plaintiff, and further deny that they caused or contributed to Plaintiff's alleged damages in any manner whatsoever.

27. Plaintiff's claims against Defendants sound in premises liability. (*See* Compl.)

28. According to the Complaint, Plaintiff "suffered permanent and severe personal injuries; incurred and will continue to incur medical expenses; suffered and will continue to experience physical pain, mental suffering, disability, disfigurement, terror, fright, humiliation, and loss of enjoyment of life; incurred lost time and lost earnings from his employment; and sustained an impairment of his ability to earn wages in the future." (*Id.* ¶ 10.)

29. Plaintiff ask that he be awarded "compensatory and punitive damages, in an amount to be determined in this action, for the costs of this action, . . ." (*Id.* at pg. 4.)

30. The amount-in-controversy requirement is met when the serious nature of the alleged injuries makes it a "reasonable probability" that the amount in controversy exceeds $75,000. *See Chase v. Shop'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-29 (7th Cir. 1997) (amount in controversy satisfied where plaintiff sought damages for "future medical treatment and disability care, future pain and suffering, future mental anguish, loss of past wages and impairment of future earning capacity").

31. It is well settled that the prospective punitive damages sought by Plaintiff must be considered in any calculation of the amount in controversy. *See, e.g., Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006).

31. Here, the amount-in-controversy requirement is met because Plaintiff's alleged compensatory and punitive damages in the Complaint make it a reasonable probability that they seek in excess of $75,000. 28 U.S.C. § 1332(a).

32. No previous application has been made for the relief requested herein.

## **CONCLUSION**

33. Removal of the State Court Action is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount-in-controversy sought by Plaintiff, exclusive of interests and costs, exceeds the sum of $75,000. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendants respectfully remove this action to the United States District Court for the Northern District of Indiana from Lake County Superior Court, State of Indiana pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing.

Respectfully submitted,

**BURKE COSTANZA & CARBERRY LLP**
Attorneys for Defendants, United States Steel Corporation and Ryan McGhan

By: /s/Kevin E. Steele_____
Kevin E. Steele, #17567-53
Alfredo Estrada, #32580-45
156 S. Washington Street
Valparaiso, IN  46383
(219) 531-0134
steele@bcclegal.com

## Certificate of Service

I hereby certify that on February 22, 2022, I electronically filed the foregoing document using the Court's CM/ECF. I also certify that on February 22, 2022, the foregoing document was served upon the following person(s) via CM/ECF:

Kenneth J. Allen
Allen Law Group, LLC
Efilingservice@allen.law

Otto J. Shragal
Allen Law Group
Efilingservice@allen.law


    /s/  Kevin E. Steele